**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANTONIO BURGIN, # K8242**                                                       **PETITIONER**

**vs.**                                                    **CIVIL ACTION NO.: 1:12cv29-SA-JMV**

**LOWNDES COUNTY CIRCUIT COURT, ET AL.**                         **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are the pro se petition of Antonio Burgin, Mississippi prisoner # K8242, seeking federal habeas relief pursuant to 28 U.S.C. § 2254, and Respondents' motion to dismiss the petition for failure to state a claim upon which relief can be granted. Petitioner has been allowed time to file a response to the motion to dismiss, and the matter is now ripe for review. Upon due consideration, the Court finds Respondents' motion well-taken and granted, for the reasons that follow.

**Facts and Procedural History**

Petitioner is currently incarcerated in the Lowndes County Adult Detention Center in Columbus, Mississippi, where he is awaiting an August 27, 2012, trial on indicted charges of armed robbery and aggravated assault. (*See* R. Mot. to Dismiss, Ex. A, B). On or about February 8, 2012, Petitioner filed the instant petition, alleging as grounds for relief that he did not commit the crime accused, that he has an alibi, that the grand jury checklist that he received in discovery is incomplete, and that he was not given a preliminary hearing. He requests that the Court help him secure his freedom so that he may return to his family. (*See, e.g.*, doc. entry no. 9). In their motion to dismiss, Respondents argue that Petitioner is seeking relief that he cannot obtain in this Court. Subsequently, Petitioner filed an affidavit arguing, essentially, that officials in Lowndes County have tampered with evidence and are seeking to frame him. (*See* doc. entry

no. 11).

## Law and Analysis

Because Petitioner has not yet been convicted and sentenced, he is a pretrial detainee whose petition is considered pursuant to 28 U.S.C. § 2241. *See, e.g., Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (noting that § 2254 "applies only to post-trial situations"). A pretrial detainee has the right to seek federal habeas relief, but that relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A pretrial detainee who has exhausted state remedies may seek habeas relief "only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citation omitted). Because Petitioner is attempting to prevent the State from following through with its prosecution of him on the pending charges, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes." *Id.* at 1282-83; *see also Braden*, 410 U.S. at 489. Therefore, the relief he seeks is not available in federal habeas.

Additionally, the Court notes that "[f]ederal courts should abstain from the exercise of [] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citation omitted). Petitioner has a trial date set for August 27, 2012. There is no evidence before the Court that he has filed a motion for a speedy trial. Therefore, the Court fails to find any "special circumstances" that would obviate the need for Petitioner to first present his claims in State court. *Dickerson*, 816 F.2d at 227.

Therefore, the Court **GRANTS** Respondents' motion to dismiss for failure to state a

claim upon which habeas relief can be granted and **DISMISSES** the instant petition for writ of habeas corpus.

**SO ORDERED**, **THIS** the 30th day of July, 2012.

<u>/s/ Sharion Aycock</u>
**U.S. DISTRICT JUDGE**